UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **MAKENZIE LAZO,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**TOHVT MOTORS, LLC**, a Delaware registered company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff MaKenzie Lazo ("Plaintiff Lazo" or "Lazo") brings this Class Action Complaint and Demand for Jury Trial against Defendant TOHVT Motors, LLC d/b/a Village Pointe Toyota ("Defendant" or "Village Pointe Toyota") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making telemarketing calls to consumers without consent including calls to phone numbers that are registered on the National Do Not Call registry ("DNC") and to consumers who have expressly requested that the calls stop. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Lazo, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

1

## PARTIES

1. Plaintiff Lazo is a resident of Omaha, Nebraska.

2. Defendant Village Pointe Toyota is a company registered in Delaware with its headquarters located in Irving, Texas. Defendant Village Pointe Toyota conducts business throughout this District, and throughout parts of the U.S. including Texas.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant has its headquarters in this District and the wrongful conduct giving rise to this case was directed from this District.

## INTRODUCTION

5. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's

2

representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. According to online robocall tracking service "YouMail," 3.8 billion robocalls were placed in December 2023 alone, at a rate of 121.6 million per day. www.robocallindex.com (last visited January 28, 2024).

10. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

3

12. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

13. Defendant Village Pointe Toyota is a d/b/a of TOHVT Motors Inc which owns several dealerships.[3]

14. Village Point Toyota is a Toyota dealership that sells new and used vehicles. It also provides parts and services for its vehicle brand.[4]

15. Defendant Village Pointe Toyota places solicitation calls to consumers, as per Plaintiff's experience.

16. Oftentimes, these calls are being placed to consumers without consent, including to consumers like the Plaintiff who registered their phone numbers on the DNC.

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.nebraska.gov/sos/corp/corpsearch.cgi?acct-number=10202341
[4] https://www.linkedin.com/company/village-pointe-toyota/about/

17. To make matters worse, Defendant Village Pointe Toyota lacks a sufficient internal do not call system, causing consumers like the Plaintiff in this case to receive unsolicited telemarketing calls despite having requested that the calls stop.

18. In response to these calls, the Plaintiff brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Classes and costs.

### PLAINTIFF LAZO'S ALLEGATIONS

19. Plaintiff Lazo registered her cell phone number ending in 6652 on the DNC on October 14, 2021.

20. Plaintiff Lazo uses her cell phone number for personal use only as one would use a residential landline telephone number.

21. Plaintiff Lazo has owned her phone number for approximately 10 years.

22. Plaintiff Lazo has never used her phone number for business purposes or advertised it as a business number.

23. Plaintiff Lazo has never done business with or inquired about a vehicle that is for sale at Village Pointe Toyota.

24. Plaintiff Lazo received a series of unsolicited calls from Village Pointe Toyota to her cell phone starting on June 27, 2023 from the phone number 402-403-3931.

25. The caller display indicated the name "V Pointe Toyota":

5



26. Plaintiff Lazo received the following unsolicited calls to her cell phone from the Defendant, all of which were from phone number 402-403-3931:

- June 27, 2023 at 1:12 PM
- July 21, 2023 at 10:27 AM
- July 24, 2023 at 9:18 AM
- July 25, 2023 at 5:28 PM
- July 26, 2023 at 11:06 AM
- August 14, 2023 at 9:36 AM
- August 15, 2023 at 1:34 PM
- August 16, 2023 at 12:10 PM
- August 22, 2023 at 7:18 PM
- August 25, 2023 at 8:48 AM
- August 28, 2023 at 12:05 PM
- September 1, 2023 at 5:24 PM
- September 5, 2023 at 7:49 PM
- September 6, 2023 at 1:36 PM
- September 11, 2023 at 3:22 PM
- September 12, 2023 at 2:02 PM
- September 14, 2023 at 9:42 AM
- September 18, 2023 at 9:51 AM
- September 19, 2023 at 12:50 PM
- September 21, 2023 at 1:20 PM
- September 22, 2023 at 5:55 PM
- September 25, 2023 at 9:21 AM
- September 26, 2023 at 1:33 PM
- September 28, 2023 at 9:42 AM
- September 29, 2023 at 8:42 AM
- October 2, 2023 at 11:22 AM
- October 3, 2023 at 12:36 PM
- October 5, 2023 at 9:39 AM

- October 9, 2023 at 10:53 AM
- October 10, 2023 at 12:28 PM
- October 12, 2023 at 10:41 AM
- October 13, 2023 at 12:31 PM
- October 16, 2023 at 1:45 PM
- October 17, 2023 at 7:01 PM
- October 19, 2023 at 11:48 AM
- October 20, 2023 at 2:50 PM
- October 24, 2023 at 3:46 PM
- October 27, 2023 at 12:40 PM
- October 30, 2023 at 9:59 AM
- November 2, 2023 at 2:48 PM
- November 3, 2023 at 9:46 AM
- November 6, 2023 at 11:26 AM
- November 7, 2023 at 12:37 PM
- November 9, 2023 at 3:13 PM
- November 10, 2023 at 11:56 AM
- November 13, 2023 at 10:13 AM
- November 14, 2023 at 12:04 PM
- November 16, 2023 at 10:11 AM
- November 17, 2023 at 11:02 AM
- November 20, 2023 at 9:48 AM
- November 21, 2023 at 1:37 PM
- November 24, 2023 at 10:23 AM
- November 27, 2023 at 9:46 AM
- November 28, 2023 at 4:50 PM

27. Plaintiff Lazo received additional calls from the Defendant to her cell phone, all from 402-403-3931 on:

- November 30, 2023 at 4:31 PM
- December 1, 2023 at 9:13 AM
- December 4, 2023 at 9:58 AM and 6:28 PM
- December 5, 2023 at 3:03 PM
- December 7, 2023 at 1:04 PM
- December 8, 2023 at 1:56 PM
- December 11, 2023 at 6:18 PM

- December 12, 2023 at 1:13 PM
- December 14, 2023 at 2:25 PM
- December 15, 2023 at 10:41 AM
- December 18, 2023 at 6:43 PM
- December 19, 2023 at 4:32 PM
- December 21, 2023 at 10:54 AM

28. Plaintiff Lazo was frustrated as a result of all the calls, so she called Village Pointe Toyota, at 402-403-3931 on December 22, 2023 at 11:34 AM.

29. Plaintiff Lazo was connected to an employee who said that she was a receptionist for Village Pointe Toyota.

30. Plaintiff Lazo explained that she was receiving a lot of calls from the dealership.

31. The receptionist confirmed Plaintiff Lazo's cell phone number and explained that the sales department was calling her, presumable for the purchase of a new or used vehicle.

32. Plaintiff Lazo told the receptionist that she has never reached out to Village Pointe Toyota and that she doesn't know how the dealership acquired her phone number. She then asked for her phone number to be placed on a do not call list.

33. Despite her clear stop request, Plaintiff Lazo continued to receive unsolicited calls from Village Pointe Toyota to her cell phone, all from 402-403-3931 on:

8

- December 22, 2023 at 2:05 PM
- December 26, 2023 at 12:00 PM and 8:07 PM
- December 28, 2023 at 9:31 AM
- December 29, 2023 at 4:35 PM
- January 2, 2024 at 7:05 PM
- January 4, 2024 at 10:23 AM
- January 5, 2024 at 12:28 PM
- January 8, 2024 at 12:17 PM, 3:11 PM, 5:22 PM

34. On January 9, 2024 at 1:31 PM, Plaintiff Lazo received yet another unsolicited call to her cell phone from Village Pointe Toyota, from 402-403-3931.

35. This call was not answered, but Plaintiff called 402-403-3931 back on January 9, 2024 at 1:33 PM.

36. Plaintiff got through to an employee who stated that she was a receptionist at Village Pointe Toyota.

37. Plaintiff explained that she was still receiving more unsolicited calls, confirmed her cell phone number, and asked for her cell phone number to be placed on a do not call list.

38. The unauthorized solicitation telephone calls that Plaintiff received from or on behalf of Defendant Village Pointe Toyota have harmed Plaintiff Lazo in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone.

39. Seeking redress for these injuries, Plaintiff Lazo, on behalf of herself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

40. Plaintiff Lazo brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

**Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Village Pointe Toyota called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff.

**Internal Do Not Call Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Village Pointe Toyota called more than one time on their residential telephone number, (2) within any 12-month period (3) for substantially the same reason Defendant called Plaintiff, (4) including at least once after the person requested that they stop calling.

41. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally

adjudicated and/or released. Plaintiff Lazo anticipates the need to amend the Class definition following appropriate discovery.

42. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

43. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) Whether Defendant's conduct violated the TCPA;

(b) Whether Defendant placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;

(c) whether Defendant engaged in telemarketing without implementing adequate internal policies and procedures for maintaining an internal do not call list;

(d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

44. **Adequate Representation**: Plaintiff Lazo will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Lazo has no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to Plaintiff. Plaintiff Lazo and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Lazo nor her counsel have any interest adverse to the Classes.

45. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Lazo. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on

12

an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Lazo and the Do Not Call Registry Class)**

46. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

47. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

48. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

49. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Lazo and the Do Not Call Registry Class members who registered their respective

13

telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

50. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Lazo and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

51. As a result of Defendant's conduct as alleged herein, Plaintiff Lazo and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

52. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Lazo and the Internal Do Not Call Class)**

53. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

54. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any

14

call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a

telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

55. Defendant placed calls to Plaintiff and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow Defendant to initiate telemarketing calls.

56. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

57. Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Internal Do Not Call Class are each entitled to up to $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing her attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Lazo requests a jury trial.

Respectfully Submitted,

**MAKENZIE LAZO**, individually and on behalf of all others similarly situated,

DATED this 21st day of February, 2024.

By: /s/ *Stefan Coleman*
Stefan Coleman
COLEMAN PLLC
66 West Flagler Street
Suite 900
Miami, FL 33130
(877) 333-9427
law@stefancoleman.com

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

Nayeem N. Mohammed (local counsel)
Law Office of Nayeem N. Mohammed
539 W. Commerce St.
Ste 1899
Dallas, TX 75208
972-767-9099
Email: nayeem@nnmpc.com

*Attorneys for Plaintiff and the putative Classes*

*\* Pro Hac Vice* Admission to be sought

18