IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MAKENZIE LAZO, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>TOHVT MOTORS, LLC, a Delaware registered company;<br><br>Defendant. | 8:24CV127<br><br>FINAL PROGRESSION ORDER (AMENDED) |

IT IS ORDERED that the parties unopposed motion to extend final progression order is granted (Filing No. 51). The final progression order is amended as follows:

1) The trial and pretrial conference will not be set at this time. A status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings will be held as previously scheduled, with the undersigned magistrate judge on **April 8, 2025** at **10:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 50).

2) Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by December 6, 2024.

   **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

3) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

   | | |
   |---|---|
   | For the party with the burden of proof: | January 13, 2025. |
   | Rebuttal expert disclosures/reports: | April 1, 2025. |
   | Reply expert disclosures/reports: | May 19, 2025. |

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

4)   The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is June 30, 2025.

5)   Plaintiff's Motion for Class Certification shall be filed on or before July 31, 2025.

   Defendant's response shall be filed on or before August 29, 2025.

   Plaintiff's reply in support of her Motion for Class Certification shall be filed on or before September 12, 2025.

6)   The deadline for filing motions to dismiss and motions for summary judgment is July 21, 2025.

7)   The deadline for filing motions to exclude testimony on *Daubert* and related grounds is July 21, 2025.

8)   Motions in limine shall be filed seven days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

9)   The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

10)  All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 18th day of November, 2024.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge